## Mrs. Francis DANIELS v. STATE.
### No. 17222.

Court of Criminal Appeals of Texas.

Feb. 6, 1935.

Clem Calhoun, of Amarillo, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is driving an automobile on a public street while intoxicated; the punishment, confinement in the penitentiary for one year.

Upon the written request of appellant, duly verified by her affidavit, the appeal is dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## C. R. DAVIS v. STATE.
### No. 17509.

Court of Criminal Appeals of Texas.

Feb. 6, 1935.

Heidingsfelder, Wander & Hawkins, of Houston, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for unlawfully keeping a place to bet and wager on dice; penalty assessed at confinement in the penitentiary for two years.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.

## F. E. FOREMAN v. STATE.
### No. 17163.

Court of Criminal Appeals of Texas.

Jan. 23, 1935.

Reynolds & Heare, of Shamrock, and John F. Sturgeon, of Pampa, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for keeping a gambling house; punishment, two years in the penitentiary.

We find with this record an affidavit made by the appellant in due form requesting that his appeal be dismissed. The request is granted.

The appeal is dismissed.

## Auda FRENSLEY v. STATE.
### No. 17173.

Court of Criminal Appeals of Texas.

Jan. 23, 1935.

Joe Lee McLemore, of Dallas, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for aggravated assault; punishment, thirty days in the county jail.

Appellant, alleged to be an adult male person, was convicted for an aggravated assault upon a child. We find no statement of facts or bills of exception in the record. The affidavit and information appear to be regular, and we note no error of procedure.

The judgment will be affirmed.